NO. 8716

COURT OF APPEAL

PARISH OF ORLEANS

MR. AND MRS. GEORGE STANDFIELD

versus

ARIEL FRANK, SNYDER FRANK and

S. NATHAN, ETC.

Dinkelspiel; J.

Plaintiff institutes this suit claiming the sum of $250.00, averring that in the month of December, 1921, she deposited with the defendant, one seal cape with squirrel choker which defendants took charge of for the purpose of repair and make over; that the value claimed by her for the articles in question was the amount she paid for them, to wit the sum of $250.00; and further averring that defendants unable to deliver to her this property claiming that same was stolen, offered her the sum of $150.00, alleging that they had only insured the property for the sum of $125.00. Wherefore she prayed for judgment.

Defendants excepted to plaintiff's petition because same disclosed no right of action and further that the petition was too vague and indefinite for defendants to safely answer. The exceptions and the answer under the rules of the First City Court having to be filed together, the answer admits that plaintiff left with defendants, several pieces of French seal skins and one piece of squirrel for the purpose of having same made into a cape and repairs on a choker and that the charge for doing this work was thirty dollars for the cape and five dollars for the choker. Alleging that the cape and collar in question were delivered to plaintiff; plaintiff asked permission of defendants to hold the cape for her which defendants agreed to do without assuming any responsibility; subsequently there was stolen from defendants' premises without their knowledge, fault or negligence, the articles in question together with a large amount of property belonging to defendants; they admit having an insurance policy covering their property and the property of plaintiff and agreed with the consent of plaintiff to put in a claim under said

policy for the sum of $125.00, they did put in the claim, but the amount was rejected by the Insurance Company and the amount they collected due plaintiff was the sum of $65.00, which they allege was tendered to plaintiff, but she refused to accept, hence this suit.

The facts are that plaintiff left her property, described by her, in defendants' possession for the purpose of having same, particularly the cape and/collar changed to her satisfaction, and the amount of bill for repairing was thirty dollars; plaintiff swears that there was to have been some alterations made to the cape in question and that she left it for that purpose, while on the other hand defendants and their witnesses swear to the contrary, but state under oath that plaintiff not having sufficient funds in her purse to pay the thirty dollars due on said debt asked permission to keep them /xxxxxxxxxxxxxxxx leave same with them until she returned with the money, and that defendants consented thereto, but she took with her the choker and paid the price for repairs thereon, the sum of Five Dollars. It would serve no useful purpose to enter into the testimony pro and con. The main facts are that the property was left in the possession of the defendants and a robbery took place at their establishment and the loss of the articles in question together with other goods belonging to the defendants were stolen, without their fault nor through any negligent act of the defendants. It was further stated in the argument in this case by defendants' attorney and not denied by plaintiff's attorney, that the amounted amount collected from the insurance company on the open policy of insurance on this particular cape was the sum of $65.00; that plaintiff refused to accept same, but insisted that a promise had been made to pay her the sum of $125.00, which she had accepted prior to this suit. This record convinces us that the amount of $65.00 as stated in the argument was col-

by the defendants and was therefore the property of plaintiff, and it was defendants bounden duty to have turned this amount over to her and failing to do so, in order to save costs and other trouble, to have deposited same together with their answer in this case, which thev failed to do. We see no object in going through the testimony as to whether the property in question was of a bettsr quality as alleged and sworn to by plaintiff or whether it was of inferior quaxi quality as sworn to by witnesses for the defendants. Be that as it may were it not for the fact that the property was covered by insurance and the amount collected, the sum of $65.00 by the defendants, under the authorities and the Civil Code "The depositary is not liable when the contract with him becomes a gratuitous deposit." 2937 Civil Code. 25th Ann. 630. "A depositary who uses the syme diligence in preserving the thing deposited with him as he uses in preserving his own property is not liable for the thing lost through fire." would prevail.

But when as in this case an open policy of insurance was had by the defendants and a certain amount collected on same, part of which was on the property of plaintiff and the amount being $65.00, there would be no justice or equity to permit the defendants to withhold the entire amount or part thereof, belonging to plaintiff. There was no deposit of the sum in question made at the time the answer and exceptions were filed, and we hold this should have been done in order to avoid payment of costs.

For the reasons assigned it is ordered, adjudged and decreed that the judgment of the Court aquo, which gave plaintiff the sum of $250.00 be and the same is reduced to the sum of $65.00, and to this extent there will be judgment in favor of plaintiff, costs of both Courts to be paid by defendants.

-Judgment amended and affirmed-